IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SOLEDAD RICHARDS and KENYA BALDWIN, on behalf of themselves and others similarly situated, | : : : | CIVIL ACTION |
|  Plaintiffs, | : : | FILED ELECTRONICALLY ON JULY 24, 2023 |
| v. | : : | |
| EDUCATION WORKS INC., | : | CLASS/COLLECTIVE ACTION |
|  Defendant. | : : | |

## **COMPLAINT**

Soledad Richards ("Richards") and Kenya Baldwin ("Baldwin") (together "Plaintiffs")
bring this lawsuit against Education Works Inc. ("Defendant"), seeking to recover unpaid wages
earned since April 30, 2023. Plaintiffs assert the following claims: (i) failure to pay minimum
wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*; (ii) failure to pay
minimum wages under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et
seq.*; and (iii) failure to pay wages owed under the Pennsylvania Wage Payment and Collection
Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*[1] Plaintiffs' FLSA claim is asserted on behalf of
themselves and other employees per 29 U.S.C. § 216(b)'s collective action device, while their
state law claims are asserted on behalf of themselves and other employees per Federal Rule of
Civil Procedure 23's class action mechanism.[2]

---

[1] The FLSA, PMWA, and PWPCL allow corporate officers and directors to be personally liable
for unpaid wages. *See, e.g.*, *Henderson v. University of Pittsburgh Medical Center*, 2010 Pa.
Dist. & Cnty. Dec. LEXIS 43 (Pa. Com. Pl., Allegheny Cty. Feb. 24, 2010) (discussing
individual liability under PMWA and PWPCL). Plaintiffs intend to add Defendants' officers and
board members as additional named defendants if discovery uncovers facts sufficient to plead
individual liability under these statutes.
[2] Plaintiffs will amend their complaint to assert FLSA, PMWA, and/or PWPCL claims against
additional entities (such as, for example, the City of Philadelphia and/or Public Health
Management Corporation) if discovery reveals that such entities can be held liable as "joint

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. §216(b) and 28

U.S.C. §1331.

2.      Jurisdiction over the state law claims is proper under 28 U.S.C. §1367.

3.      Venue in this Court is proper under 28 U.S.C. §1391.

## PARTIES

4.      Richards resides in Bryn Mawr, PA (Montgomery County).

5.      Baldwin resides in Philadelphia, PA (Philadelphia County).

6.      Defendant is a corporate entity headquartered in Philadelphia, PA (Philadelphia

County).

7.      Plaintiffs are employees covered by the FLSA, PMWA, and PWPCL.

8.      Defendant is an employer covered by the FLSA, PMWA, and PWPCL.

## FACTS

9.      Defendant purports to be "a mission-driven organization providing enriching

education and career readiness programming, with a focus on Science, Technology, Engineering,

Art and Mathematics (STEAM), entrepreneurship, and social and emotional wellness."

https://educationworks.org/about/ (last viewed July 24, 2023).

10.     During the time period relevant to this lawsuit, Defendant directly employed over

100 individuals who perform work under various job titles.  The basic terms and conditions of

these employees' compensation are described in offer letters and other corporate documents.

---

employers" under the pertinent statutes and decisional law.  In addition, if justified by the
discovery record, Plaintiffs will amend their complaint to include non-statutory claims (*e.g.*, an
unjust enrichment claim) against any entities that have benefitted from the uncompensated work
of Plaintiffs and other employees.

11.    Defendant employed Richards as a Compliance and Data Manager and paid her an annual salary of approximately $70,000.  A copy of Richards' offer letter is attached as Exhibit A.

12.    Defendant employed Baldwin as an Assistant Director of Learning and Impact and paid her an annual salary of approximately $70,000.  Baldwin does not currently maintain a copy of her original offer letter, but she believes it is similar to Richards' attached offer letter.

13.    Education Works' Employee Handbook (attached in relevant part as Exhibit B) provides that "PTO will refresh annually on July 1st" and that employees "are eligible to rollover ten (10) days (80 hours) each year on June 30th."  Exhibit B at 18.  Moreover, "[u]pon resignation or termination, Education Works will pay out the employee's accrued-unused PTO hours."  *Id.* at 19.  These promises, upon information and belief, are generally incorporated into the offer letters and other policy documents that Defendant presents to employees.  For example, Richards' offer letter provides that the "[a]ccrual and rollover of PTO days will be subject to the terms outlined in the most current version of the Employee Handbook."  Exhibit A.

14.    On May 19, 2023, Defendant's Chief Financial Officer Jamil Rivers ("CFO Rivers") sent Plaintiffs and other employees an email stating:

> There is a delay in processing today's payroll cycle due to funding delays. We are working to resolve as soon as possible to get people paid as soon as possible.

The two week "payroll cycle" referred to in CFO Rivers' email began on April 30, 2023 and ended on May 13, 2023 (hereafter "the 4/30/23-5/13/23 payroll period").

15.    On June 5, 2023, CFO Rivers sent to Baldwin and over 100 other employees a memorandum entitled "Announcement of Layoff and/or Downsizing."[3]  *See* Exhibit C.  Therein,

---

[3]  Richards did not receive the memorandum because she resigned on or about May 25, 2023.

CFO Rivers informed the employees that "effective June 5, 2023, you will be separated from employment with Education Works due to this reduction in force." *Id.* The memorandum further provided:

> Unfortunately, we were not able to make payroll on May 19, 2023, or on June 2, 2023, and are planning to do a same day ACH draft when additional funding becomes available. Any hours that you have worked after June 2nd up to June 5th will be included in the payroll money owed to you. Unused Paid Time Off hours that is owed to you will also be included in your final check from Education Works.

*Id.* CFO Rivers' reference in the above text to the May 19, 2023 "payroll" pertains to the 4/30/23-5/13/23 payroll cycle, while her reference to the June 2, 2023 "payroll" refers to the payroll cycle beginning on May 14, 2023 and ending on May 28, 2023 (hereafter "the 5/14/23-5/28/23 payroll period").

16.    As of today, Plaintiffs still have not received any compensation for work performed since April 30, 2023. Specifically, Richards (who resigned on May 25, 2013) has not received any compensation for work performed between April 30, 2023 and May 25, 2023. Meanwhile, Baldwin (who was laid-off effective June 5, 2023) has not received any compensation for work performed between April 30, 2023 and June 5, 2023. Nor have Plaintiffs received any payments for their unused Paid Time-Off ("unused PTO"), as required under the Employee Handbook, the applicable offer letters, and CFO Rivers' June 5, 2023 promise that unused PTO "owed to you will also be included in your final check from Education Works." Exhibit C.

17.    Plaintiffs' circumstances are similar to those of well over 100 other employees who have not been paid by Defendant for work performed since April 30, 2023.

### CLASS/COLLECTIVE ACTION ALLEGATIONS

18.    Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C.

§216(b) and bring their PMWA and PWPCL claims as a class action pursuant to Federal Rule of Civil Procedure 23.  They sue on behalf of all individuals employed by Defendant who have not received compensation during any time period after April 30, 2023.

19.     Plaintiffs' FLSA claim should proceed as a collective action because they and other putative collective members, having been subjected to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. §216(b) and the associated decisional law.

20.     Class action treatment of Plaintiffs' PMWA and PWPCL claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21.     The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

22.     Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

23.     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

24.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

25.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)

because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

26.    The FLSA requires that employers "shall pay" each employee a minimum wage of $7.25 for every hour worked.  *See* 29 U.S.C. § 206.

27.    Defendant has violated the FLSA by failing to pay Plaintiffs and other employees any wages for worked performed since April 30, 2023, and, in so doing, has willfully and recklessly disregarded clearly applicable FLSA provisions and guidance.

## COUNT II – PMWA

28.    The PMWA requires that employers "shall pay" each employee a minimum wage of $7.25 for every hour worked.  *See* 43 P.S. § 333.104(a).

29.    Defendant has violated the PMWA by failing to pay Plaintiffs and other employees any wages for worked performed since April 30, 2023.

## COUNT III – PWPCL

30.    The PWPCL provides Plaintiffs and other employees with an "statutory remedy when the employer breaches a contractual obligation to pay earned wages," Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990), and defines "wages" broadly to include, *inter alia*, "fringe benefits."  34 P.S. § 260.2a.

31.    Defendant has violated the PWPCL by failing to pay Plaintiffs and other employees (i) all promised wages[4] for work performed since April 30, 2023 and (ii) monetary

---

[4]   The promised wages owed to Plaintiffs are based on their annual salaries of approximately $70,000.

reimbursement for unused PTO.

**PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and other members of the class/collective, seek the following relief:

A.    The recovery of all unpaid minimum wages;

B.    The recovery of all promised wages;

C.    Monetary reimbursement for unused PTO;

D.    Liquidated damages to the fullest extent permitted under the FLSA and PWPCL;

E.    Litigation costs, expenses, and attorneys' fees; and

F.    Such other and further relief as the Court deems just and proper.

Date:  July 24, 2023                                    Respectfully,

_____
Peter Winebrake
Michelle L. Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

# Exhibit A



990 Spring Garden St, Suite 601
Philadelphia, PA 19123

February 21, 2022

Soledad Richards
Delivered Via: ████████████████████

Dear Solie,

Congratulations! We are pleased to extend this offer to join EducationWorks as Compliance and Data Manager. You will report to Mary Ann Flasinski, Director of Human Resources.

This position is a full-time, exempt role. Your annual salary will be $70,000 to be paid at a biweekly rate of $2,692.31. You will perform the job duties outlined in the attached job description.

Your hire date and employment are contingent upon the successful completion and submission of required background checks and documents including, but not limited to:

- FBI clearance
- Criminal Record clearance
- Child Abuse clearance
- National Sex Offender Public Website Clearance (NSOPW)
- Mandated Reporter certificate
- Resume
- Education Credentials: High School diploma or College degree/transcripts
- Physical form (Health Assessment) with TB test results
- Form I-9 in compliance with the Immigration and Nationality Act: Form I-9 documentation must be presented within the first three (3) days of employment.

Failure to provide all required information will delay the commencement of your employment until such documentation has been submitted.

Other terms of this employment offer are as follows:

Probationary Period:    Generally, the first ninety (90) days of employment will be a probationary period to evaluate your work performance and to allow for your adjustment to the position. During this time, you or your supervisor may terminate your employment with or without cause.

1

Paid Time Off (PTO):    You will be entitled to 30 PTO days, or 240 hours, per fiscal year. You will accrue approximately 1.15 days, or 9.2 hours, per pay period. This entitlement will be prorated based on your actual hire date. Accrual and rollover of PTO days will be subject to the terms outlined in the most current version of the Employee Handbook.

Health Insurance:    As a full-time employee, you are eligible to participate in our group health benefits program, which includes medical and prescription, dental, and vision coverages. You will also be eligible for other coverages, such as life insurance, short-term disability, and long-term disability, and enrollment in the 401k Retirement Plan, on a voluntary or company-issued basis, depending on the coverage. Benefits become effective the first day of the month following your start date. An Employee Benefits guide will be provided for your review.

Confidentiality:    Information about or related to EducationWorks' operations, programs, or constituents is collectively referred to as "Confidential Information" and may be protected under federal and state laws. Such information that you observe, learn, or otherwise acquire, whether directly or indirectly, should be treated as confidential. Accordingly, you agree not to disclose or share any Confidential Information with any person, firm, association, or corporation during the term of your employment with EducationWorks.

This offer of employment does not constitute an employment contract. Your employment with EducationWorks is at-will, which means that you or EducationWorks can terminate your employment at any time, with or without notice or cause.

While employed by EducationWorks, you will be expected to comply with all employment rules and procedures, as outlined in the most current version of the Employee Handbook which will be provided to you.

If the terms of this offer are acceptable, please acknowledge by signing and returning one copy of this offer letter and job description by **February 23, 2022**. Once you have returned this letter, we will provide additional information electronically via our HRIS system, Paycom, which will include documents, handbooks and forms relating to our onboarding process.

We are excited to have you join our team and are looking forward to your contributions!

2

If you have any questions about this offer or its terms, please do not hesitate to contact me at mflasinski@educationworks.org.

Sincerely,

*Mary Ann Flasinski*

Mary Ann Flasinski
Director of Human Resources

Enclosure

| | |
|---|---|
| _____ | 2/23/2022 |
| Accepted by | Date |

# Exhibit B



990 Spring Garden St, Suite 601
Philadelphia, PA 19123

# Employee Policy and Procedure Handbook

**May 2018**





Greetings!

It is our pleasure to welcome you as a member of the EducationWorks team. You are an integral part of a dynamic organization.

As an employee of EducationWorks, you are a community relations representative both on and off the job. We ask that you learn as much about our organization as possible so that you can speak confidently about EducationWorks in all your associations.

Working with EducationWorks is a special opportunity. We designed this manual to help you understand your benefits and the policies that guide your day-to-day activities in your role.

We hope that you will find your employment a matter of both pride and satisfaction and that your experience will be mutually productive and enjoyable.


Sincerely,



Miles H. Wilson
President / CEO



# TABLE OF CONTENTS

HANDBOOK USE AND PURPOSE ............................................................. PAGE 1

EMPLOYEE ACKNOWLEDGEMENT FORM ........................................... PAGE 2

AT-WILL EMPLOYMENT ................................................................. PAGE 3

GENERAL POLICIES..................................................................... PAGE 4

- OPEN DOOR POLICY
- GRIEVANCES
- NONDISCRIMINATION
- HARASSMENT AND RETALIATION
- SEXUAL HARASSMENT
- REASONABLE ACCOMMODATIONS
- FRATERNIZATION
- RELATIONSHIPS BETWEEN EMPLOYEES
- ALCOHOL AND DRUGS
- NON-SMOKING
- VIOLENCE IN THE WORKPLACE
- PROFESSIONAL DRESS AND APPEARANCE
- CONFLICT OF INTEREST
- NO SOLICITATION/NO DISTRIBUTION
- POLITICAL ACTIVITIES
- FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT (FERPA)
- IMMIGRATION ACT COMPLIANCE PROCEDURES
- PA CODE OF PROFESSIONAL PRACTICE AND CONDUCT FOR EDUCATORS
- CORPORAL PUNISHMENT
- PROCESSIONAL MISCONDUCT
- WHISTLEBLOWER PROTECTION
- PROPERTY AND EQUIPMENT
- SOCIAL MEDIA

TIME OFF POLICIES AND PROCEDURES ................................................ PAGE 18
- PAID TIME OFF
- REQUESTING TIME OFF
- HOLIDAYS
- PAID SICK TIME FOR PART TIME EMPLOYEES
- ABSENCES
- CALL OUT PROCEDURES
- SCHOOL CLOSINGS





LEAVE OF ABSENCE POLICIES ................................................................................ PAGE 22
•    FAMILY MEDICAL LEAVE
•    NJ PAID FAMILY LEAVE INSURANCE BENEFITS
•    BREAK TIME FOR NURSING MOTHERS
•    PARENTAL LEAVE
•    ADOPTION LEAVE
•    BEREAVEMENT LEAVE
•    MILITARY LEAVE
•    JURY DUTY
•    WORKERS COMPENSATION
•    AMERICANS WITH DISABILITIES ACT

PAYROLL PROCEDURES ....................................................................................... PAGE 36
•    PAY PERIODS
•    TIMEKEEPING REQUIREMENTS
•    OVERTIME PAY
•    EXPENSE REIMBURSEMENT
•    EDUCATIONWORKS CREDIT CARDS
•    ADVANCES FOR TRAVEL EXPENSES
•    EMPLOYMENT DOCUMENTATION REQUIREMENTS
•    TAXES AND DEDUCTIONS

EMPLOYMENT SEPARATIONS ................................................................................ PAGE 40
•    AT–WILL EMPLOYMENT
•    PROBATIONARY PERIOD
•    TERMINATION OF EMPLOYMENT
•    TERMINATION FOR UNSATISFACTORY PERFORMANCE
•    TERMINATION FOR MISCONDUCT
•    TERMINATION WITH NOTICE/LAYOFF
•    EMPLOYEE RESIGNATION

EMPLOYMENT STATUS ......................................................................................... PAGE 42
•    EMPLOYMENT STATUS CATEGORIES
•    EMPLOYMENT OF MINORS
•    WORK HOURS
•    OVERTIME

BENEFITS ........................................................................................................ PAGE 44
•    MEDICAL, DENTAL, AND VISION INSURANCE
•    INSURANCE CONTINUATION
•    DISABILITY INSURANCE
•    TERM LIFE INSURANCE
•    EDUCATION AND PROFESSIONAL DEVELOPMENT
•    EMPLOYEE EDUCATION GRANTS

 

GENERAL HUMAN RESOURCES.................................................................................PAGE 47
- CHANGES TO PERSONAL DATA, TAXES, AND DIRECT DEPOSIT
- REGULATORY REQUIREMENTS
- REQUEST TO REVIEW PERSONAL FILES
- CONTRACTS AND OFFER LETTERS
- JOB POSTINGS AND TRANSFERS

PERFORMANCE MANAGEMENT.................................................................... PAGE 49
- MID-YEAR FEEDBACK
- END-OF-YEAR FEEDBACK
- PERFORMANCE IMPROVEMENT PLAN
- APPEAL/REVIEW PROCESS

STUDENT POLICIES.................................................................................... PAGE 51
- TRANSPORTATION OF STUDENTS
- CONFIDENTIALITY
- REPORTING SUICIDE OR PERSONAL SAFETY CONCERNS
- ADMINISTRATION OF MEDICATION TO STUDENTS
- RELATIONSHIPS WITH STUDENTS/MEMBERS
- CHILD ABUSE REPORTING

TECHNOLOGY USE ..................................................................................... PAGE 54
- TECHNOLOGY AND BUSINESS EQUIPMENT
- LAPTOPS, CELL PHONES, TABLETS, DESKTOPS
- CELL PHONES AND SMART PHONES
- PHOTOCOPIERS
- OTHER BUSINESS EQUIPMENT
- DATA STORAGE AND BACKUPS
- VOICEMAIL
- LIMITED RIGHTS OF USE
- NO EXPECTATIONS OF PRIVACY
- INTERNET AND EMAIL ETIQUETTE
- COMPUTER, DEVICE, AND INTERNET USE
- RESPONSIBILITY FOR USE AND/OR MISUSE
- EQUIPMENT RETURN POLICY



# HANDBOOK USE AND PURPOSE

This employee policy and procedure handbook is designed to help employees familiarize themselves with important information about EducationWorks.  Employees should read, understand, comply and conduct themselves in accordance with all provisions of this handbook.

It is not possible to anticipate every situation that may arise in the workplace or to provide information that answers every possible question.  Also, future circumstances may require changes in the policies, practices, and benefits described in this handbook.  Accordingly, EducationWorks reserves the right to modify, rescind, supplement, or revise any provision in this handbook. EducationWorks will distribute updated pages as revisions are made.

This handbook is only an overview of some of EducationWorks' work rules and policies and contains no promises of any kind. EducationWorks can, on its own, change or discontinue any policy or rule, including those in this handbook, or change any working condition without having to consult anyone and without anyone's agreement.

Nothing may be considered a policy of EducationWorks unless it is specifically authorized by EducationWorks' CEO or the Human Resources Director.  EW's policies and procedures are in addition to, and do not replace, any school district or site organization policies or procedures relating to behavior on school/organization grounds or with children.

This is EducationWorks' current employee handbook and all prior handbooks are void and may not be relied upon in any fashion.

Any questions regarding the contents of this handbook may be addressed to your supervisor or to the Human Resources Director.

 

# EMPLOYEE ACKNOWLEDGEMENT FORM

The employee policy and procedure handbook describes important information about EducationWorks and I understand that I should consult my supervisor or the Human Resources Director regarding questions not answered in the handbook.

**I have entered into my employment relationship with EducationWorks voluntarily and acknowledge that there is no guaranteed specified length of employment. I am an at-will employee.**

Accordingly, EducationWorks or I can terminate the relationship at will, with or without cause, at any time, so long as there is no violation of applicable federal, state or local law.

Since the information, policies and benefits described in this handbook are subject to change, I acknowledge that revisions to the handbook may occur at EducationWorks discretion. All such changes will be communicated through official notices, and I understand that revised information may supersede, modify, or eliminate existing policies. Only the CEO or the Human Resources Director of EducationWorks has the ability to adopt any revisions to the policies in this handbook.

Furthermore, I acknowledge that this handbook is neither a contract of employment nor a legal document. I have received the handbook and I understand that it is my responsibility to read it and to comply with the policies it contains, as well as any revisions made to it.


EMPLOYEE NAME (PRINTED)_____

EMPLOYEE SIGNATURE_____

DATE_____



P: 215.221.6900  F: 215.221.6901   EducationWorks.org

# TIME OFF POLICIES AND PROCEDURES

## PAID TIME OFF

EducationWorks believes that employees should have opportunities to enjoy time away from work to help balance their lives. EducationWorks recognizes that employee have diverse needs for time off from work. EducationWorks has established this paid time off (PTO) policy to meet those needs. The benefits of PTO are that it promotes a flexible approach to time off. Employees are accountable and responsible for managing their own PTO hours to allow for adequate reserves, if there is a need to cover vacation, illness or disability, appointments, emergencies, or other situations that require time off from work.

PTO is accrued upon hire or transfer into a benefits-eligible position. Eligible employees must be scheduled to work at least 40 hours per week on a regular basis. Employees working less than 40 hours per week on a regular basis, on-call and temporary employees are not eligible to accrue PTO.

PTO accruals are available for use in the pay period following completion of 30 days of employment. All hours thereafter are available for use in the pay period following the pay period in which the hours are accrued.

EducationWorks employees eligible for PTO will be given 30 days (240 hours), at an accrual rate of 1.5 days (9.23 hours) per pay period. PTO will refresh annually on July 1st. Employees are eligible to rollover ten (10) days (80 hours) each year on June 30th. Employees may bank a total of 40 days (320 hours) in their PTO accrual. Should an employee have unused PTO, the employee can request an extension to the number of hours to rollover. This request should be directed to the employee's supervisor, the Director of Human Resources, and the CEO. Please note if PTO is not used, it will be lost.

Employees are required to use available PTO when taking time off from work. PTO may be taken in increments of two hours. However, PTO may not be used for missed time due to lateness.

Whenever possible PTO must be scheduled in advance with a Supervisor and approval must be obtained prior to time away from work. All employees are expected to manage and schedule their time way from work with as much advanced notice as possible and obtain approval from their supervisor. Doing so allows EducationWorks programs and departments to plan for absences and ensure appropriate staffing. Excessive absenteeism (more time than PTO allows, last minute call outs, patterns of absences regardless of PTO available) impacts our ability to meet the needs of our





students/members.  EducationWorks recognizes that emergency situations cannot always be anticipated, and employees may need to call out. In the event of an emergency, employees must notify their supervisor as soon as possible. Any employee who does not receive supervisor approval for time off and/or personally calls out each day due to emergency situations will be subject to disciplinary actions.  Failure to manage your time appropriately and non-compliance with call-out procedures may result in disciplinary action, up to and including termination. For information on how to request time off and call out procedures see the "Requesting Time Off" and "Call Out Procedures" sections of the Handbook, respectively.

Should an employee's PTO accrual be negative, the Manager and Human Resources will determine if time out is considered unpaid.  The Manager and Human Resources will determine is negative accrual is excessive.

Upon resignation and/or termination, EducationWorks will pay out the employee's accrued-unused PTO hours.

*\*Please note that Summer Staff are not eligible for PTO.*

## REQUESTING TIME OFF
All time off requests should be sent in writing to an employee's manager for approval. For request of 3 or more consecutive days off, the request should be 30 days in advance.

### HOLIDAYS
EducationWorks designates 10 annual holidays for all staff, similar to the School District and City Holiday Schedule, as listed below.  NOTE: PowerCorpsPHL staff also are entitled to two (2) floating holidays, which must be used within the calendar year and cannot be rolled over to the next calendar year:

- New Year's Day
- President's Day
- Good Friday

- Memorial Day
- Independence Day
- Labor Day

- Veteran's Day
- Thanksgiving and the Day after Thanksgiving
- Winter Break (typically the last week of December)

*\*Please note that if the calendar at employees' assigned school differs from this schedule and the school is closed, employees should report to EducationWorks for the work day.*

The dates these holidays will be observed by EducationWorks will be published and distributed at the beginning of each calendar year.

EducationWorks reserves the right, in its sole discretion, to amend published holiday schedules, require employees to report to work on holidays, and/or amend the



P: 215.221.6900  F: 215.221.6901   

# Exhibit C



990 Spring Garden St, Suite 601
Philadelphia, PA 19123

Date: June 05, 2023

**To:** EducationWorks Employee

**From:** Jamil Rivers, Chief Financial Officer

**Re: Announcement of Layoff and/or Downsizing**

As you may know, EducationWorks is facing a serious financial shortfall due to outstanding accounts receivable and operating costs. As a small non-profit organization, these conditions are adversely impacting our ability to sustain our operations.  Therefore, we have no option but to restructure the organization, resulting in the layoff of a number of employees.  Unfortunately, **effective June 5, 2023**, you will be separated from employment with EducationWorks due to this reduction in force.

We have always valued and continue to value the contributions of all our staff and deeply regret the need for this action. Unfortunately, we were not able to make payroll on May 19, 2023, or on June 2, 2023, and are planning to do a same day ACH draft when additional funding becomes available. Any hours that you have worked after June 2nd up to June 5th will be included in the payroll money owed to you. Unused Paid Time Off hours that is owed to you will also be included in your final check from EducationWorks.

Your **benefits** will be available to you until **June 30, 2023**. If you wish to continue your benefits after the end date, you are entitled to enroll into COBRA. If enrolled into the 401k retirement plan through One America, you may also choose to roll over funds or withdraw.



P: 215.221.6900  F: 215.221.6901    EducationWorks.org

If you have questions about your benefits, COBRA, and 401k retirement plan, please contact Gallagher Benefit Services at: 1-800 - 394 – 6111. One America can be reached directly on: 1-800-249-6269, please refer to your statements for additional information.

For unemployment claims, you may access here:
https://www.uc.pa.gov/unemployment-benefits/file/Pages/Filing%20Instructions.aspx

All EW equipment including any laptops, cell phones, hotspots, iPad, etc. can be returned to 990 Spring Garden or Vaux. Please coordinate drop offs with John Williams via email at: ██████████████████ Please feel free to contact Jamil Rivers at ██████████████████ or the OPC team at ██████████████████ if you have any questions regarding your separation.  We thank you for your service to the organization.

Best regards,

Jamil Rivers
Chief Financial Officer



## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action.  I understand that I will be bound by the judgment of the Court on all issues in this case.

*Kenya Baldwin*
_____
Signature

Kenya Baldwin
_____
Print Name

The signed document can be validated at https://app.vinesign.com/Verify

## CONSENT TO BECOME PARTY PLAINTIFF

     I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action.  I understand that I will be bound by the judgment of the Court on all issues in this case.

*Soledad Richards*

_____
Signature

Soledad Richards
_____
Print Name